# Exhibit 1

RECEIVED
SEP 1 2 2018
LAW DEPT.



## Notice of Service of Process

null / ALL
Transmittal Number: 18689257
Date Processed: 09/12/2018

| | |
|---|---|
| Primary Contact: | Nancy Morris<br>Genworth Financial Inc.<br>3100 Albert Lankford Dr<br>Lynchburg, VA 24501 |
| Electronic copy provided to: | Mary Barney<br>Peggy Shaner<br>Kathy Williams |

| | |
|---|---|
| Entity: | Genworth Life and Annuity Insurance Company<br>Entity ID Number  1948657 |
| Entity Served: | Genworth Life and Annuity Insurance Company |
| Title of Action: | Gerald B. Rhinehart vs. Genworth Life and Annuity Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Merced County Superior Court, California |
| Case/Reference No: | 18CV-03529 |
| Jurisdiction Served: | Virginia |
| Date Served on CSC: | 09/11/2018 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | A.J. de Bartolomeo<br>212-631-8689 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

1  **MILBERG TADLER PHILLIPS GROSSMAN LLP**
    A.J. de Bartolomeo (State Bar No. 136502)
2  505 14th Street, Suite 1110
    Oakland, CA 94612
3  Phone: (212) 631-8689
    ajdebartolomeo@milberg.com
4

5  **EVANS LAW FIRM, INC.**
    Ingrid M. Evans (State Bar No. 179094)
6  3053 Fillmore Street #236
    San Francisco, CA 94123
7  Phone: (415) 441-8669
    Ingrid@evanslaw.com

8  *Attorneys for Plaintiff*
    *Additional attorneys listed on signature block*
9

FILED
Merced Superior Court
9/5/2018 3:39 PM
Linda Romero Soles
Clerk of the Superior Court
By: Melissa Chavez, Deputy

10  THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

11  COUNTY OF MERCED – UNLIMITED JURISDICTION

12

13  GERALD B. RHINEHART, an individual,
    by and through his Power of Attorney
14  SUZANNE VILLANUEVA, and on behalf of
    similarly situated persons,

15                  Plaintiff,

16      v

17  GENWORTH LIFE AND ANNUITY
    INSURANCE COMPANY, a Virginia
18  corporation,

19               Defendant.

Case No.  **18CV-03529**

**NOTICE OF POSTING JURY FEES**

20

21    Plaintiff hereby posts jury fees in the amount of $150.

22

23  DATED: September 5, 2018

24                   MILBERG TADLER PHILLIPS GROSSMAN LLP

                   By:

25                   A.J. de Bartolomeo (State Bar No. 136502)
                   505 14th Street, Suite 1110
26                   Oakland, CA 94612
                   Phone: (212) 631-8689
27                   ajdebartolomeo@milberg.com

- 1 -

NOTICE OF POSTING JURY FEES

This copy is the official court record (GC68150)

Evans Law Firm, Inc.

*This e-copy is the official court record (GC68150)*

EVANS LAW FIRM, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*and*

Barry Weprin
Andrei Rado
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza, Suite 1920
New York, New York 10119
Telephone:  (212) 529-5300
Facsimile:  (212) 868-1229
Email:  bweprin@milerg.com
   arado@milerg.com

*Attorneys for Plaintiff*

- 2 -
NOTICE OF POSTING JURY FEES

This e-copy is the official court record (GC68150)

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Genworth Life and Annuity Insurance Company, a Virginia corporation

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Gerald B. Rhinehart, an individual, by and through his power of Attorney Suzanne Villanueva, and on behalf of similarly situated persons

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
Merced Superior Court
9/5/2018 3:39 PM
Linda Romero Soles
Clerk of the Superior Court
By: Melissa Chavez, Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Merced County Superior Court
627 W. 21st St., Merced, CA 95340

</td><td>

CASE NUMBER:
*(Número del Caso):* 18CV-03529

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
A.J. de Bartolomeo, Milberg Tadler, 505 14th Street, Suite 1110, Oakland, CA 94612, Phone:2)2-631-8689

<table>
<tr><td>DATE: September 5, 2018<br>*(Fecha)*</td><td>Linda Romero-Soles</td><td>Clerk, by <i>Melissa Chavez</i>, Deputy<br>*(Secretario)* *(Adjunto)*</td></tr>
</table>

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

This e-copy is the official court record (GC68150)

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): |  |
|---|---|
| Milberg Tadler Phillips Grossman LLP<br>A.J. de Bartolomeo (SBN 136502)<br>505 14th Street Suite 1110<br>Oakland, CA 94612 | |

TELEPHONE NO: 212-631-8689     FAX NO:
ATTORNEY FOR (Name): Plaintiff Gerald B. Rhinehart

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Merced
STREET ADDRESS: 627 W. 21st St.
MAILING ADDRESS:
CITY AND ZIP CODE: Merced, CA 95340
BRANCH NAME: Old Merced Courthouse

CASE NAME:
Gerald B. Rhinehart v Genworth Life and Annuity Insurance Company

**FOR COURT USE ONLY**

FILED
Merced Superior Court
9/5/2018 3:39 PM
Linda Romero Soles
Clerk of the Superior Court
By: Melissa Chavez, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 18CV-03529 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 2
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 5, 2018
A.J. de Bartolomeo
_____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

1 | MILBERG TADLER PHILLIPS GROSSMAN LLP
A.J. de Bartolomeo (State Bar No. 136502)
2 | 505 14th Street, Suite 1110
Oakland, CA 94612
3 | Phone:  (212) 631-8689
ajdebartolomeo@milberg.com
4 |
EVANS LAW FIRM, INC.
5 | Ingrid M. Evans (State Bar No. 179094)
3053 Fillmore Street #236
6 | San Francisco, CA 94123
Phone: (415) 441-8669
7 | Ingrid@evanslaw.com

8 |

*Attorneys for Plaintiff*
9 | *Additional attorneys listed on signature block*

**FILED**
Merced Superior Court
9/5/2018 3:39 PM
Linda Romero Soles
Clerk of the Superior Court
By: Melissa Chavez, Deputy

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF MERCED - UNLIMITED JURISDICTION
11 |

12 |

GERALD B. RHINEHART, an individual,
13 | by and through his Power of Attorney
SUZANNE VILLANUEVA, and on behalf of
14 | similarly situated persons,

15 | Plaintiff,

16 | v.

17 | GENWORTH LIFE AND ANNUITY
INSURANCE COMPANY, a Virginia
18 | corporation,

19 | Defendant.

Case No.   **18CV-03529**

**CLASS ACTION COMPLAINT**

(1) Violations of Business and Professions
Code, § 17200, *et seq.*;
(2) Violations of Financial Elder Abuse, Welf.
& Inst. Code §15600 et seq.

**JURY TRIAL DEMANDED**

20 |

21 |

Plaintiff Gerald B. Rhinehart, an individual, by and through his Power of Attorney, Suzanne
22 |
Villanueva ("Plaintiff") brings this class action complaint against Genworth Life And Annuity
23 |
Insurance Company ("Genworth" or "Defendant") on behalf of himself and all other similarly-situated
24 |
persons and on behalf of the general public. Upon information and belief, as well as the investigation
25 |
of counsel, Plaintiff alleges as follows:

26 |

27 |

- 1 -
CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

## INTRODUCTION

1.    Plaintiff brings this California state-wide class action on behalf of himself and other similarly-situated consumers and beneficiaries to halt and remedy the harm caused by Defendant Genworth's systematic unlawful sales practices in connection with the disclosures related to the sale of individual life insurance policies (collectively, "Policies") to Senior purchasers[1] in California. Genworth sells Policies without properly disclosing surrender charges or other associated penalties, and systematically imposing surrender penalties and other charges and fees on California purchasers Policies.

2.    Genworth has actively engaged in selling Policies to Senior Citizens in California that violate disclosure law.  As alleged below, the Policies sold by Genworth violate California law, then impose surrender penalties that were not disclosed as required by California law.  Defendants have standard, uniform contracts that their sales agents are required to use, none of which contain the disclosures required by California law.

3.    Abuses in the sale of Policies to Senior Citizens have long been an issue of public concern.   Among other statutes, the California Legislature has enacted Cal. Ins. Code Sections 10127.10, 10127.11, and 10127.13 to curtail abuses.   These statutes have the remedial purpose to protect vulnerable seniors through mandatory language stated clearly in bold, 12-point font.  *See Rand v. Am. Nat'l Ins. Co.*, 717 F. Supp. 2d 948, 956 (N.D. Cal. 2010) ("*Rand*").   As set forth below, Genworth has systematically violated each of these statutes in its sales and marketing activity directed at California Seniors.

4.    Section 10127.10 requires Policies delivered or issued for delivery to consumers who are 60 years of age or older to provide a 30-day "free look" period, during which time the Senior can return the policy for a full refund of premiums.  Section 10127.10 additionally requires notice of the free-look period to be given "on the cover page or policy jacket in 12-point bold print with one inch of

---

[1] As used herein, the terms "Senior" or "Senior Citizen" refer to persons age 60 or older. *See* Cal. Ins. Code § 10127.10, subd. (g). As used herein, the term "Elder" refers to any persons age 65 or older. *See* Cal. Welf. § Inst. Code § 15610.27.

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

1  space on all sides or printed on a sticker that is affixed to the cover page of the policy jacket" as follows
2  (for 2011) but on the policies at issue there are no compliant Insurance Code 10127 *et seq.* disclosures.
3  The code compliant Section 10127.10 disclosure is below:

4

5                          **IMPORTANT**

6            **YOU HAVE PURCHASED A LIFE INSURANCE POLICY OR**

7        **ANNUITY CONTRACT. CAREFULLY REVIEW IT FOR**

8        **LIMITATIONS.**

9

10           **THIS POLICY MAY BE RETURNED WITHIN 30 DAYS**

11       **FROM THE DATE YOU RECEIVED IT FOR A FULL REFUND**

12       **BY RETURNING IT TO THE INSURANCE COMPANY OR AGENT**

13       **WHO SOLD YOU THIS POLICY. AFTER 30 DAYS,**

14       **CANCELLATION MAY RESULT IN A SUBSTANTIAL PENALTY,**

15       **KNOWN AS A SURRENDER CHARGE.**

16       5.       Section 10127.13 requires insurers selling life insurance policies for consumers who are
17  60 years of age or older to "...either disclose the surrender period and all associated penalties in bold
18  12-point print on the covers sheet of the policy or disclose the location of the surrender information in
19  bold 12-point print on the cover page of the policy, or printed on a sticker that is affixed to the cover
20  page or policy jacket." The specific disclosure required by Section 10127.13, in the location and
21  format required by Section 10127.13, is additional to the requirement that policy must contain a full
22  and accurate statement of the surrender penalties. Section 10127.13 requires the cover page or jacket to
23  disclose all of the penalties in full, or to "disclose the location of the surrender information" with
24  particularity. It is not sufficient for the cover of the policy to refer the reader to a "data page" that
25  spans multiple pages. *Rand*, 717 F. Supp. 2d at 960-61. It is not sufficient for the cover page of the
26  policy to refer the reader to a page containing definitions of the term "surrender" or "surrender charge"
27  if those definitions do not disclose the actual surrender charges. *Rand*, 717 F. Supp. 2d at 961.

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

6.      Defendant's business practices that violate 10127.10 and/or 10127.13 are unfair business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.* Plaintiff does not assert any claims based on fraud.  Nor does Plaintiff base any claims on allegations that Defendant's conduct was fraudulent.

7.      Violations of the statutes 10127.10, 10127.13, and 17200, *et seq.* when directed at California Elders, constitute financial elder abuse under California Welfare and Institutions Code §§ 15657.5, *et seq.*, as defined in California Welfare and Institutions Code § 15610.30.  Section 15610.30(a) provides in relevant part:

> "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:
>
> (1)     Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use . . . .
>
> (2)     Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use . . . .

8.      Plaintiff therefore brings this class action on behalf of himself and all other persons or trusts who purchased or surrendered (and the estates, trustees and/or beneficiaries of such persons, if applicable) a Genworth Life Insurance Policy that was issued to one or more of the purchasers, owners, insureds, trustees, estates or beneficiaries was a California resident 60 years of age or older (the "Class").

9.      Plaintiff further brings this action on behalf of himself and all other Class Members who were 65 years of age or older (the "Elder Abuse Elder Abuse Subclass").

10.     This action seeks to enjoin Defendant from engaging in its illegal sales practices and also seeks restitutionary relief and damages to compensate the victims of Defendant's scheme and penalize Defendant for its wrongful practices.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10.   Personal jurisdiction over Defendant is proper because Defendant has

- 4 -

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

1   purposefully availed itself of the privilege of conducting business activities in California, including, but
2   not limited to, marketing, distributing and/or selling the policies at issue within California.

3       12.     This Court has jurisdiction over Defendant because it is a corporation that transacts
4   significant business in California and has the requisite minimum contacts with California.

5       13.     This class action is brought pursuant to California Code of Civil Procedure § 382.
6   Plaintiff is a California citizen, and all prospective class members are California citizens.   The
7   monetary damages and restitution sought by Plaintiff and the prospective class members exceed the
8   minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

9       14.     Venue is proper in this Court because Defendant has received substantial compensation
10  in this county by doing business here and engaging in numerous activities, which had and have an
11  effect in this county.  Venue is also proper in this Court because many of those affected by Defendants'
12  conduct, including Plaintiff, reside in this county, and many of the potential witnesses reside or work in
13  this county.

**PARTIES**

14      15.     Plaintiff Gerald B. Rhinehart is a resident and citizen of Merced County, California.
15  Suzanne Villanueva is the daughter and Power of Attorney for her father Gerald B. Rhinehart.

16      16.     On January 11, 2011, Genworth issued Policy # H256,351 to Gerald B. Rhinehart, who
17  then resided, and now still resides, within Merced County, California.  The Policy showed accurately
18  an Issue Age for Mr. Rhinehart of 72 years old.

19      17.     Defendant Genworth Life And Annuity Insurance Company is a Virginia corporation
20  with headquarters at 6610 West Broad Street, Richmond, VA  23230.  Genworth offers a broad line of
21  life insurance products.  Genworth reported assets exceeding $106 billion in 2016.

**FACTUAL ALLEGATIONS**

23      18.     Genworth markets and sells its life insurance products primarily through its network of
24  third-party and/or employed individual sales agents, marketing organizations, and/or brokerage firms
25  (collectively referred to herein as "Agents").

26

27

- 5 -

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

19.     Genworth prepares, disseminates, and approves standardized information, brochures, illustrations, marketing and sales materials, and policies to Agents for effectuating the sale of life insurance policies.

20.     Agents have agreements with Genworth to sell its life insurance policies and are required to adhere to the sales procedures, protocols and materials dictated, prepared, and/or approved by Genworth.   These sales protocols and procedures include the use of standard life insurance marketing materials, product guides, agent-use-only materials, illustrations, and form contracts created and/or authorized by Defendant.

21.     Genworth pays its Agents bonuses and high commissions for selling individual life insurance policies.  By doing so, Genworth induces, condones and encourages its Agents to engage in aggressive and predatory marketing tactics.  Because Policies are complex products and features are often misunderstood by customers, when issuing policies for persons over age 60 at the time of purchase of the policy, insurance companies are required to disclose in bold 12-point font on the cover page or policy jacket a 30-day "free look" period and the location of information about surrender penalties, and are required not to use improper illustrations.  Cal. Ins. Code §§ 10127.10, 10127.11, 10127.13.  Genworth and its Agents have, for many years, sold Policies for persons over age 60 that fail to comply with the requirements of §§ 10127.10, 10127.11, and 10127.13.

## PLAINTIFF'S TRANSACTION

22.     On January 11, 2011, Genworth issued a Policy of life insurance for Plaintiff (the "Rhinehart Policy").  A copy of the Rhinehart Policy jacket and the Rhinehart Policy cover page are attached as **Exhibit 1**.  The insured was Plaintiff Gerald B. Rhinehart.  Mr. Rhinehart was 72 years old on the date the policy was issued.

## GENWORTH FAILED TO PROVIDE PROPER NOTICE OF THE 30-DAY FREE LOOK PROCEDURES

23.     The cover page of the Rhinehart Policy contains no disclosure regarding the 30-day free look period. Exhibit 1, Page 1. The Policy instead states:

> **RIGHT TO EXAMINE AND RETURN POLICY.** You may return this policy within 20 days after it is delivered to you by taking it or

- 6 -

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

1  mailing it to us or to any life insurance agent we appoint.  Immediately
2  upon delivery or mailing, this policy will be deemed void from the
   beginning.  We will return any premium that has been paid.

3  Upon information and belief, Genworth's standard practice for generating and providing Policies to

4  California Seniors was and is to provide this improper notice in a manner that is non-compliant with

5  Cal. Ins. Code § 10127.10.

6  ### GENWORTH FAILED TO PROPERLY DISCLOSE SURRENDER CHARGES, IN
7  ### VIOLATION OF 10127.13

8       24.    The cover page of the Rhinehart Policy makes no reference to surrender charges.  The

9  omission violates the provisions of Section 10127.13, which require "All individual life insurance

10 policies and individual annuity contracts for senior citizens that contain a surrender charge period shall

11 either disclose the surrender period and all associated penalties in 12-point bold print on the cover sheet

12 of the policy or disclose the location of the surrender information in bold 12-point print on the cover

13 page of the policy, or printed on a sticker that is affixed to the cover page or to the policy jacket. The

14 notice required by this section may appear on a cover sheet that also contains the disclosure required by

15 subdivision (d) of Section 10127.10."  The actual schedule of surrender charges is not set out "on the

16 cover page of the policy, or printed on a sticker that is affixed to the cover page or to the policy jacket."

   Rather, the schedule of Surrender Charges appears at least seven pages in to the Rhinehart Policy.

17      25.    Mr. Rhinehart would not have purchased this Genworth policy if he had known there

18 were surrender charges and penalties that would be imposed upon lapse or cancellation.

19      26.    Upon information and belief, Genworth's standard practice for generating and providing

20 Policies to California Seniors was and is to provide improper notice in a manner that is non-compliant

21 with Cal. Ins. Code §§ 10127.10 and 10127.13.  The improper notice is intended by Genworth to be

22 less evident to California Seniors than proper, Code-compliant notice would be.  The improper notice is

23 intended by Genworth to mislead Seniors by directing them to the wrong page.

24 ### DISCOVERY RULE, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT

25      27.    Plaintiff and other Class members did not know and could not reasonably have known

26 through reasonable diligence, of Defendant's illegal, unfair and deceptive business practices and could

27

not have reasonably discovered the omissions or non-disclosures of Defendant's representations, advertising and similar documents until shortly before the filing of this Complaint. In particular, Ms. Villanueva, as Power of Attorney for Plaintiff Gerald B. Rhinehart, was not aware at all of the Genworth policy issued to Mr. Rhinehart until January 2018 when he discovered an old renewal notice for the policy among her father's papers.

28.     At all relevant times, Plaintiff did not and could not have discovered his causes of action until his daughter discovered the Genworth Policy in January 2018 and then had a lawyer determine that it did not disclose surrender charges as required by law.

29.     On information and belief, Defendant continues to omit or fail to fully disclose all material facts and risks associated with the life insurance policy from the Class and public alike. Throughout this time period, Defendant fails to release or provide this material information in a way that Plaintiff and/or Class members could have discovered their illegal, unfair, and deceptive business practices. Although the initial decisions to engage in these practices were made some time ago, Defendant has continued with its illegal, unfair, and deceptive business practices.

30.     As a result of the foregoing, Plaintiff and the Class could not reasonably discover the deceptive and unfair practices and did not do so until just recently. For the reasons alleged above, the vast majority of Class members still do not know that they have been and continue to be injured by Defendant's conduct.

31.     Defendant's conduct is continuing in nature. There is a substantial nexus between the current illegal, unfair, and deceptive conduct and the misconduct prior to that time. The acts involve the same type of illicit practices and are recurring, continuous events.

32.     The statute of limitations applicable to any claims that Plaintiff or other Class members have brought or could bring as a result of the conduct alleged herein has been tolled as a result, since Plaintiff and the Class did not and could not have discovered their causes of action until recently, thereby tolling any applicable statute of limitations.

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

**CLASS ACTION ALLEGATIONS**

33.     Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated as members of a proposed Plaintiff class and Elder Abuse Subclass pursuant to California Code of Civil Procedure § 382.  The class is defined as follows:

> Any California person or trust who purchased (including the owner, estate, trustee and/or beneficiaries of such persons or trust) a Genworth Life Insurance Policy and who was 60 years or older at the time of issuance.

(a)     The Elder Abuse Subclass is defined as follows:

All Class Members who were 65 years of age or older at the time the policy was issued.

34.     All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

35.     Excluded from the class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff.

36.     Plaintiff reserves the right to amend the class and definitions if discovery and further investigation reveal that the class should be expanded or otherwise modified.

37.     There is a well-defined community of interest in the litigation.

38.     The class is so numerous that joinder of all members is impracticable.  Although the exact number of prospective class members is uncertain and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable.  The disposition of prospective class members' claims in a single action will provide substantial benefits to all parties and to the Court.  The prospective class members are readily identifiable from information and records in Defendants' possession, custody, or control.

39.     The claims of the representative Plaintiff are typical of the claims of the prospective Class members in that the representative Plaintiff and the prospective Class members purchased a Policy.  The factual bases of Defendant's violations of law are common to all prospective Class members and represent a common thread.

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

40.     Questions of law and fact exist that are common to the class, and predominate over any question affecting individual Class members. These include, among others:

(a)     Whether Defendant improperly solicited, referred, marketed, issued or sold Policies to Plaintiff and the Class;

(b)     Whether Defendant committed unlawful business practices, in violation of Cal. Bus. & Prof. Code § 17200, et seq. in its marketing, promotion, solicitation, sales and issuance of Policies to Plaintiff and Class members, including with regard to Cal. Ins. Code §§ 10127.10, and 10127.13;

(c)     Whether Defendant's unlawful actions taken against Class members, who were at the time Elders, constitutes elder abuse as defined in Cal. Welf. & Inst. Code §§ 15600, et seq.;

(d)     Whether Plaintiff and members of the Class and Elder Abuse Subclass have sustained damages and the extent of those damages

(e)     Whether Plaintiff, the Class, and the Elder Abuse Subclass are entitled to restitution and/or damages; and

(f)     Whether Plaintiff, the Class, and the Elder Abuse Subclass are entitled to injunctive, declaratory and/or other relief.

41.     Plaintiff is committed to prosecuting the action and has retained competent counsel experienced in litigation of this nature.  Plaintiff is an adequate representative of the class that will fairly and adequately protect the interests of the class.

42.     The prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for Defendant, or adjudications with respect to individual members of the class, which would as a practical matter be disjunctive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Moreover, the cost of pursuit of individual actions would as a practical matter exceed any recovery. A class action is the superior to individual litigations, and the class litigation is readily manageable.

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

43.  Defendants have acted, or refused to act, on grounds generally applicable to, and causing injury to, the class and, therefore, preliminary and final injunctive relief on behalf of the class, as a whole, is appropriate.

## COUNT I
### Unfair Business Practices
**Violation of California Business & Professions Code §§ 17200, *et seq.***
**On behalf of Plaintiff and the Class**

44.  Plaintiff and the Class repeat and reallege all allegations contained in the Complaint as if set forth separately in this Cause of Action.

45.  California Business and Professions Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice." Defendant has violated § 17200's prohibition against engaging in an unlawful act or practice by, *inter alia*, the following:

 (a) failing to provide full and adequate disclosure that Policies sold for a person over the age of 60 allows for an examination period of 30 days (at which time the applicant may return/cancel the contract), in violation of Cal. Ins. Code § 10127.10;

 (b) failing to provide full and adequate disclosure of information concerning Polices' surrender charge period and penalties associated with surrender, for Policies issued for persons over the age of 60 in violation of Cal. Ins. Code § 10127.13;

 (c) for existing Policies where the required disclosure was not provided under Cal. Ins. Code § 10127.13, informing consumers that Genworth would impose surrender charges in the event of early surrender; and

 (d) collecting fees, charges, and penalties associated with surrender, that were not adequately disclosed as required by Cal. Ins. Code § 10127.13.

46.  Plaintiff and the Class and the Elder Abuse Subclass reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this day.

47.  California Business and Professions Code § 17200 prohibits any "unfair . . . business act or practice." As detailed in the preceding paragraphs, Defendant engages in a systematic scheme to sell life insurance policies to Plaintiff and the Class, in violation of state law and the fundamental policies

This e-copy is the official court record (GC68150)

delineated in statutory provisions.  Defendant gained the trust of Plaintiff and the Class, had access to their financial information and induced them into purchasing life insurance policies– omitting or without properly disclosing all material facts and risks associated with the life insurance products, including the statutory disclosure requirements of the 30-day "free look" period for seniors under Calif. Ins. Code § 10127.10 and penalties associated with surrender under Calif. Ins. Code § 10127.13.  As a result, Defendant engages in unfair business practices prohibited by California Business and Professions Code §§ 17200, *et seq.*

48.     California Business and Professions Code § 17200 prohibits any illegal business practice.  As detailed in the preceding paragraphs, Defendant's conduct was likely to deceive Plaintiff, the Class, and the public by, *inter alia*, omitting or failing to properly disclose all material facts and risks associated with the life insurance products, including, but not limited to the statutory disclosure requirements of the 30-day "free look" period for seniors under Calif. Ins. Code § 10127.10 and penalties associated with surrender under Calif. Ins. Code § 10127.13.

49.     As a result of Defendant's practices, Plaintiff and the Class have suffered injury-in-fact, including but not limited to, incurring financial losses, access to needed funds, unnecessary and concealed fees and penalties, undisclosed commissions, charges and penalties (including penalties associated with surrender) that he and Members of the  Class and the Elder Abuse Subclass would not have otherwise incurred.

50.     Unless Defendant is enjoined from continuing to engage in the unlawful business practices described above, members of the general public residing within the United States, including California, will continue to be damaged.

51.     Pursuant to California Business and Professions Code § 17203, Plaintiff seeks an order requiring Defendant to immediately cease such acts of unlawful business practices and requiring them to return the full amount of money improperly collected – including, but not limited to, commissions and profits from the sale of life insurance policies, surrender charges and other fees, income derived from penalties and fees – to all those who have paid them – plus interest and attorneys' fees.

EVANS LAW FIRM, INC.

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

**COUNT II**
**Financial Elder Abuse**
**California Welfare & Institutions Code §§ 15600, *et seq.***
**On Behalf of Plaintiff and the Elder Abuse Subclass**

52.     Plaintiff and the Elder Abuse Subclass repeat and reallege all allegations contained in the Complaint as if set forth separately in this Cause of Action.

53.     Defendant's conduct constitutes financial abuse under California Welfare and Institutions Code §§ 15657.5, et seq., as defined in California Welfare and Institutions Code § 15610.30.  Section 15610.30(a) provides in relevant part:

> "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:
>
> (1)     Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use . . . .
>
> (2)     Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use . . . .

54.     At all relevant times, Defendant took and/or assisted in the taking of property from Plaintiff and the Elder Abuse Subclass for its own wrongful use.  Collecting premiums from policies that were sold in violation of Cal Ins. Code §§ 10127.10 and 10127.13 constitutes taking of property for Defendant's wrongful use.  Collecting surrender charges in connection with policies that were sold in violation of Cal Ins. Code §§ 10127.10, and 10127.13 constitutes taking of property for Defendant's wrongful use.

55.     In doing so, Defendant acted with an awareness of its wrongdoing and realized that their conduct would substantially assist the accomplishment of the wrongful conduct.

56.     Defendant's conduct was reckless and/or oppressive within the meaning of California Welfare and Institutions Code §§ 15657.5, et seq.

57.     Under California Welfare and Institutions Code §§ 15657.5, et seq., Defendant is liable for reasonable attorneys' fees and costs for investigating and litigating this claim.

58.     Under California Civil Code § 3294 and California Welfare and Institutions Code § 15657.05(a), Defendant is liable for punitive damages.

- 13 -
CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

59.     Under California Civil Code § 3345, Defendant is liable for treble damages and penalties because: (a) Defendant knew or should have known its conduct was directed to an Elder; (b) its conduct caused an Elder to suffer substantial loss of property set aside for retirement, and assets essential to their health and welfare; (c) Plaintiff and other Elder members of the Elder Abuse Subclass are at least 65 years of age; and (d) Plaintiff and other members of the Elder Abuse Subclass actually suffered substantial physical, emotional, and economic damages resulting from Defendant's conduct.

60.     Under California Welfare and Institutions Code §§ 15657.5, *et seq.*, Defendant is liable to Plaintiff and the Elder members of the Elder Abuse Subclass for their pain and suffering.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the Class, the Elder Abuse Subclass, and the general public, prays for judgment against Defendant as follows:

A.     An order certifying this action as a Plaintiff class action under Rule 23 of the Federal Rules of Civil Procedure as set forth herein;

B.     For a temporary, preliminary and permanent order for injunctive relief enjoining Defendant from pursuing the practices complained of above;

C.     For a temporary, preliminary and permanent order for injunctive relief requiring Defendant to undertake an immediate public information campaign to inform members of the general public as to its prior practices and notifying the members of the proposed Class and proposed Elder Abuse Subclass of the potential for restitutionary relief;

D.     For an order requiring disgorgement and restitution of Defendant's ill-gotten gains and to pay restitution to Plaintiff, the Class, the Elder Abuse Subclass, and the general public all funds acquired by means of any practice declared by this Court to be unlawful;

E.     For compensatory, special and general damages according to proof and as the Court deems just and proper;

F.     For punitive and exemplary damages under Welf. & Inst. Code § 15657(a), Cal. Civil Code § 1780(a)(4), Cal. Civil Code § 3294; and as to counts for which they are available under the applicable law in such amount as the Court deems just and proper;

- 14 -
CLASS ACTION COMPLAINT

G. Imposition of a constructive trust, an Order granting recessionary and injunctive relief and/or such other equitable relief, including restitution, disgorgement of ill-gotten profits and an order requiring Defendant to provide corrective notice to Class Members as set forth herein and as the Court deems just and proper;

H. An appropriate claims resolution facility to administer the relief in this case;

I. For reasonable attorneys' fees and costs of investigation and litigation under, among other statutes, Cal. Code of Civ. Pro. § 1021.5; Cal. Welf. & Inst. Code §§ 15657.05, *et seq.*, 15657.5, *et seq.*; F.R.C.P. § 37(c)(2); and Cal. Civil Code § 1780(d) or the common fund doctrine;

J. For costs of lawsuit, pre-judgment, and post-judgment interest; and

K. Such other and further relief as the Court may deem necessary or appropriate.

## JURY DEMAND

Plaintiff, the Class, and the Elder Abuse Subclass hereby demand a trial by jury.

DATED: September 5, 2018

By:

A.J. de Bartolomeo (State Bar No. 136502)
MILBERG TADLER PHILLIPS GROSSMAN LLP
505 14th Street, Suite 1110
Oakland, CA 94612
Phone: (212) 631-8689
Email: ajdebartolomeo@milberg.com

*and*

Barry Weprin
Andrei Rado
MILBERG TADLER PHILLIPS GROSSMAN LLP
One Pennsylvania Plaza, Suite 1920
New York, New York 10119
Telephone: (212) 529-5300
Facsimile: (212) 868-1229
Email: bweprin@milerg.com
  arado@milberg.com

- 15 -
CLASS ACTION COMPLAINT

This e-copy is the official court record (GC68150)

EVANS LAW FIRM, INC.

This e-copy is the official court record (GC88150)

EVANS LAW FIRM, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

EVANS LAW FIRM, INC.
Ingrid M. Evans (State Bar No. 179094)
3053 Fillmore Street, # 236
San Francisco, CA 94123
Telephone: (415) 441-8669
Facsimile: (888) 891-4906
Email: Ingrid@evanslaw.com

- 16 -

# EXHIBIT 1

This e-copy is the official court record (GC68150)

This e-copy is the official court record (GC68/50)

# LIFE INSURANCE DOCUMENTS

**Helping Provide Financial Security.** You have purchased a life insurance policy that will help provide financial security to your beneficiaries. Please store these documents in a secure location for future reference.

Underwritten by

Genworth Life and Annuity Insurance Company, Richmond, VA

Genworth*
Financial

This e-copy is the official court record (GC68150)

## Life Insurance Important Resources

**Customer Service and Claims**
888 325.5433

**To manage your account online go to**
genworth.com/service



Genworth
Financial

This e-copy is the official court record (GC68150)

**Genworth Life and Annuity Insurance Company**
A Stock Company        State of Domicile: Virginia
Home Office: 6610 West Broad Street, Richmond, VA 23230
Service Center Address:                              Service Center Phone:
3100 Albert Lankford Drive, Lynchburg, Virginia 24501        1-888-325-5433
P. O. Box 461, Lynchburg, VA  24505-0461

This policy is a legal contract between "you" (the Owner) and "us" (the Company).  In this policy, "you" and "your" are defined to mean and refer to the Owner, and "we," "us," and "our" are defined to mean and refer to the Company.

**CONSIDERATION.** We issued this policy in consideration of the application for this policy and the payment of the first premium.

**THIS IS YOUR POLICY.  PLEASE READ IT CAREFULLY.**

Subject to the terms of this policy, we will pay the Beneficiary the death proceeds.  We will not pay until we receive all of the following at our Service Center:
- this policy;
- due proof that the Insured died while this policy was in effect;
- a written claim for the death proceeds completed on a form that we supply; and
- if this policy or a policy change is contestable as set forth in the **Incontestability** provision when the Insured died, an authorization, on a form that we supply, from a person authorized to allow us to obtain and disclose information about the Insured.

**RIGHT TO EXAMINE AND RETURN POLICY.** You may return this policy within 20 days after it is delivered to you by taking it or mailing it to us or to any life insurance agent we appoint.  Immediately upon delivery or mailing, this policy will be deemed void from the beginning.  We will return any premium that has been paid.

This policy was signed on the Date of Issue.


President                                          Secretary


**FLEXIBLE PREMIUM ADJUSTABLE LIFE INSURANCE POLICY**
**Adjustable Death Benefit**
**Flexible Premiums Payable During the Insured's Lifetime until the Monthly Deduction Stop Date**
**Benefits Vary with Risk Rates and Credited Interest Rates**
**Nonparticipating – No Dividends**

GA1000-0609