# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GERALD B. RHINEHART, an individual by and through his Power of Attorney SUZANNE VILLANUEVA, and on behalf of similarly situated persons,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**GENWORTH LIFE AND ANNUITY INSURANCE COMPANY, a Virginia corporation,**<br><br>**Defendant.** | 1:18-cv-01391-LJO-SAB<br><br>**ORDER FOR SUPPLEMENTAL FILING RE PLAINTIFF'S MOTION TO REMAND**<br><br>**(Doc. 9)** |

Plaintiff filed a putative class action suit against Defendant on September 5, 2018, in the Merced County Superior Court alleging Defendant has actively engaged in selling insurance policies to senior citizens in California that California violate disclosure laws. Defendant removed the case to this Court in October 2018; Plaintiff filed a motion to remand for lack of federal jurisdiction, which Defendant opposes. The parties' dispute centers on whether Defendant has established the $5 million minimum amount in controversy to support removal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

The parties are familiar with the substance of the jurisdictional amount-in-controversy dispute, so the Court will dispense with a detailed recitation of the factual background and the parties' arguments. Plaintiff's criticism of Defendant's calculation of the surrender charges incurred on "policies" issued by

1

Defendant since 2004 is valid. The declaration offered by Defendant (Doc. 17-2, Deborah Seamster Decl.) does not specify what types of "policies" are included in the calculation – the only policy type relevant here is life insurance. The complaint alleges Defendant sells a broad line of life insurance products (Doc. 9-2, ¶ 17), which potentially includes annuities and other policy types that may involve surrender charge penalties. Therefore, it is unclear that surrender charges incurred on the undefined universe of policies issued by Defendant since 2004 includes *only life insurance policy* surrender charges. Without proper clarification of the specific surrender charges Defendant calculated, those calculations are uncertain as well as any estimate of damages predicated on those surrender charges, including treble and punitive damages and attorney's fees.

Based on the declaration Defendant submitted in support of its amount in controversy argument, and based on the scope of Plaintiff's and the putative class' claims, it is quite possible that the amount in controversy will exceed $5 million in this case. Defendant carries the burden of persuasion to establish removal jurisdiction under CAFA by a preponderance of evidence;[1] there is no anti-removal presumption in CAFA cases.[2] The Court, therefore, finds it appropriate to seek clarification from Defendant whether the surrender charges calculated relate *only* to relevant life insurance contracts, and to delineate the incurred surrender charges in yearly totals, rather than in lump-sum totals, since 2004.

///
///
///
///
///
///

---

[1] *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

[2] *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 135 S.Ct. 547, 554 (2014).

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant shall file a supplemental declaration not to exceed 5 pages on or before December 21, 2018; and

2. Plaintiff may file any opposition to the supplemental declaration, not to exceed 5 pages, on or before January 7, 2019.[3]

IT IS SO ORDERED.

Dated: **December 11, 2018**         /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

---

[3] The Court does not generally permit extended time to file a short supplemental declaration on a discrete issue as has been ordered here, but due to the various holidays in December and January, the Court recognizes the potential difficulties the parties and counsel may encounter with a shorter time period.

3